## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**STEPHANIE HILL,**                              Case No.:

                                        <u>**VERIFIED**</u>
              Plaintiff,                <u>**COMPLAINT AND**</u>
                                        <u>**DEMAND FOR**</u>
                                        <u>**TRIAL BY JURY**</u>

v.

**LEE COUNTY PLUMBING AND WELL
SERVICE,**

A Florida Corporation,


              Defendant.
_____/

## <u>NATURE OF ACTION</u>

Plaintiff, **STEPHANIE HILL**, by and through her undersigned

attorney, referred to as (the **"Plaintiff""**) sues Defendant

**LEE COUNTY PLUMBING AND WELL SERVICE.**, A Florida

Corporation, ("Defendant") for damages in

excess of $75,000 for violations of her civil rights occurring during

her employment relationship with Defendant.  The Plaintiff sues

under Title VII of the Civil Rights Act of 1964 and 1991, as amended,

42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of

1871, as amended, and the Florida Civil Rights Act of 1992,

Section 760.01 *et seq.*, Florida Statutes ("FCRA").

## JURISDICTION AND VENUE

1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C.

Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C.

Sections 2000e *et seq.* This Court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

2.    Plaintiff has exhausted her administrative remedies.

Plaintiff filed a charge of discrimination with the United States Equal

Employment Opportunity Commission ("EEOC"). Charge Number:

_____. Thereafter, by letter dated _____,

_____., the EEOC issued Plaintiff a Notice of Right to Sue.

Plaintiff initiated this action within ninety (90) days of receipt of the

EEOC's Notice of Right to Sue. All conditions precedent to

institution of this action by Plaintiff has been fulfilled.

3.     Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Middle District of Florida because all of the alleged unlawful acts complained of herein occurred in Lee County, Florida.

## PARTIES

4.     At all times material hereto, Defendant doing business in the State of Florida, and continuously has had at least 15 employees.  At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act. *See* 42 U.S.C. Section 2003 *et seq.*, and Section 760.02(7), Florida Statutes, and 29 U.S.C. Section 621-634.

5.     The Plaintiff, a female and at all times material hereto, Plaintiff was employed by Defendant.

## FACTUAL ALLEGATIONS

6.     Defendant hired the Plaintiff.  In position of Marketing Manager, in Marketing Department.

7.     At all times material hereto, Plaintiff was employed by

Defendant.

8.      That the Plaintiff was subjected to disparate treatment because of her gender being treated differently than Male co-workers in terms and conditions of her employment.

9.      These opportunities included advancement to management; being denied training; and Defendant hiring a Marketing Director, James Schafer, a less qualified employee over Plaintiff.

10.     The Plaintiff made several complaints to management, and and human resources, and as a result of her complaints, Plaintiff was terminated.

11.     That the Disparate Treatment created an atmosphere that hindered the work environment and affected the Plaintiff, and a result Plaintiff has suffered emotional distress and continues to suffer emotional harm.

12.     That the Plaintiff has hired the undersigned counsel and is responsible to pay reasonable attorney fees and cost in prosecuting this claim.

## COUNT I

## DEFENDANT HAS VIOLATED THE FLORIDA
## CIVIL RIGHTS ACT
## (Disparate Treatment)
## Chapter 760 of Florida Statutes

13.     Plaintiff adopts and realleges paragraphs 1-12 above as if incorporated herein.

14.     Plaintiff is a member of a protected class because of her gender.

15.     Defendants are employers that employs over 50 people, and is subject to FCRA, Section 760.10, Florida Statutes, Chapter 760 states:

It is against the law to discriminate in employment on the basis of race, color, religion, **sex**, national origin, age, handicap or marital status.

16.     That the Plaintiff suffered through the Defendant disparate treatment as described in paragraphs 6-11.

17.     The Defendants intentionally discriminated against Plaintiff.

18.     The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee.

19.     The unlawful employment practices complained of were intentional.

20.     The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiff's State protected rights.

21.     As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, award, punitive damages,  employment retirement

package, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

## DEFENDANT HAS VIOLATED TITLE VII
### (Disparate Treatment)

22.     Plaintiff adopts and realleges paragraphs <u>1-12</u> above as if <u>incorporated herein</u>.

23.     Plaintiff is a member of a protected class because of her gender.

24.     The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e <u>et</u> <u>seq</u>.

25.     That the Plaintiff suffered through the Defendant failure to promote as described in paragraphs above.

26.     The Defendants has intentionally discriminated against Plaintiff and Plaintiff in particular in violation of Title VII, 42 U.S.C. Section 2000e <u>et</u> <u>seq</u>. by disparate treatment of Plaintiff based upon her gender.

27.     The effect of the actions complained of as aforementioned

has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee.

28.     The unlawful employment practices complained of were intentional.

29.     The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

30.     As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, award, punitive damages,   employment retirement package, attorney's fees and costs, together with such other relief as this Court deems just and proper.

<u>COUNT III</u>

<u>PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION
OF TITLE VII
(Termination)</u>

31.    Plaintiff adopts and realleges paragraphs <u>1-12</u> above as if

<u>incorporated herein</u>.

32.    That the Defendants retaliated against the Plaintiff as

<u>described in</u> paragraph above.

33.    Defendant took adverse employment action against

Plaintiff as described above Paragraphs because of her complaints of

disparate treatment and failure to promote.

34.    Defendant's adverse action against Plaintiff was in

violation of Title VII provisions.

35.  Defendant's adverse employment action was intentional,

and with malice or reckless indifference to the federally protected

rights of Plaintiff.

36.  As a direct and proximate result of Defendant's unlawful

employment practices and in violation, Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, award, punitive damages,  employment retirement package, attorney's fees and costs, together with such other relief as this Court deems just and proper

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

DATED  May 1, 2024.

Respectfully submitted,

DISCRIMINATION  LAW CENTER, P.A.
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
(561) 271-1769 tel.

By:    /s/ Jay F. Romano
       Jay F. Romano
       Trial Attorney
       Florida Bar No.: 0934097

## VERIFICATION OF DOCUMENT

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE
READ THE FOREGOING
**COMPLAINT** TO THE
AND THAT THE FACTS STATED ARE TRUE AND CORRECT.

_____
Plaintiff/Signature

Dated ___4/23___, 2024